UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELVIN CHISM, III, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:22-CV-368-CLC-JEM |
| STEVE ARNOLD, *et al.*, | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Applications to Proceed in District Court without Prepaying Fees or Costs [Docs. 1 & 6][1] and his Complaint for Violation of Civil Rights [Doc. 2]. For the reasons more fully stated below, the Court **DENIES AS MOOT** his Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 1] and **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 6**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court **RECOMMENDS** that the District Judge **DISMISS** the claim against the White Pine Police Department but allow Plaintiff's claims against the individual officers to proceed.

---

[1] Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] on October 18, 2022, but he did not include the required paperwork pursuant to the Prison Litigation Reform Act of 1996 ("PLRA") [*See* Doc. 5]. Plaintiff has now filed the correct paperwork [Doc. 6].

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 6] with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 6]. Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $30.30. The Application and Certificate show that Plaintiff has little income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 6**].

Because Plaintiff is an inmate in the Jefferson County Jail, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee.

2

This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff utilized the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [Doc. 2]. Plaintiff names as defendants the White Pine Police Department, Officer Aaron Guinn ("Officer Guinn"), and Corporal Steve Arnold ("Corporal Arnold") [*Id.* at 3]. In his statement of claim, Plaintiff details events that occurred on February 14, 2018, at approximately 10:55 p.m. [*Id.* at 4–6]. He alleges that he was at the Pilot Travel Center on 3624 Roy Messer Highway where he was detained and then arrested without probable cause by Corporal Arnold and Officer Guinn of

3

the White Pine Police Department in Tennessee [*Id*. at 4–6, 8]. He "was held in detention for approximately 30 minutes before [he] was allowed to leave" to use the restroom [*Id*. at 5]. Upon his return, Corporal Arnold and Officer Guinn placed him under arrest and charged him with possession of a firearm and cocaine [*Id*.]. Plaintiff concludes that Corporal Arnold and Officer Guinn "detained Plaintiff and further arrested the detainee absent probable case" [*Id*. at 6]. For relief, Plaintiff seeks punitive damages for pain and suffering in the amount of $100,000.00 and an order directing Defendants to reimburse Plaintiff for any legal expenses and lost wages that he has incurred [*Id.* at 7].

**B.    Screening of the Complaint**

Pursuant to 42 U.S.C. § 1983, a person has a cause of action if he was deprived of "any rights, privileges, or immunities secured by the Constitution and laws" and when the deprivation takes place "under color" of state law. "Section 1983 provides the exclusive remedy for constitutional violations." *Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *7 (M.D. Tenn. July 12, 2019). Here, Plaintiff alleges that Corporal Arnold and Officer Guinn arrested and detained him without probable cause. The Fourth Amendment to the United States Constitution requires an officer to have probable cause before an arrest or seizure. U.S. Const. amend. IV. The Court therefore recommends that Plaintiff's claim against Corporal Arnold and Officer Guinn proceed beyond the initial screening phase.[2]

---

[2]    Plaintiff's arrest took place on February 14, 2018, and he did not file his Complaint until October 18, 2022. The statute of limitations for § 1983 claims in Tennessee is one year. *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000) (explaining that the applicable statute of limitations period under Tennessee law is one year). But federal law governs the accrual date. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (explaining that false arrest and false imprisonment claims accrue when plaintiff is released or when legal process begins). Here, while Plaintiff's claim may be time barred, it is not obvious from the Complaint when Plaintiff's claim accrued. *Cf. Alston v. Tenn. Dep't of Corrs.*, No. 01-5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002) ("Because the statute

4

Plaintiff also names White Pine Police Department as a Defendant. It is well established that police departments are not suable entities pursuant to § 1983. *Starnes v. Bedford Cnty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) ("Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983." (collecting cases)). Therefore, the Court recommends that the District Judge dismiss White Pine Police Department.

Considering Plaintiff's pro se status, however, the Court has construed Plaintiff's claim against the White Pine Police Department as against Jefferson County, Tennessee ("County"). *Morrow v. Montgomery Cnty. Sheriff's Dep't*, No. 3:12-CV-00801, 2012 WL 3561069, at *2 (M.D. Tenn. Aug. 16, 2012) ("Because the plaintiff is proceeding *pro se,* the court could construe the plaintiff's claims against the Montgomery County Sheriff's Department as claims against Montgomery County."). But even construing the Complaint against the County, Plaintiff's claims would not survive. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A plaintiff asserting a § 1983 claim against a municipality must establish that it had a policy or custom that was deliberately indifferent to the party's constitutional rights. *Id*. Specifically, "a plaintiff must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept't*, 8 F.3d 358, 364 (6th Cir. 1993). A plaintiff can also establish municipal liability based on a theory of failure to adequately train or supervise its employees. *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 386 (6th Cir. 2018).

---

of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.").

Here, Plaintiff does not include any allegations against the County. Instead, his Complaint focuses on the actions of the individual officers. The Court therefore recommends that the District Judge dismiss the County to the extent Plaintiff meant to include it in this lawsuit.

The Court has considered whether to allow Plaintiff to file an amended Complaint. But the Court finds an amendment would be futile because the White Pine Police Department is not a suable entity. It would also be futile to the extent Plaintiff meant to name the County as a Defendant because the facts alleged are about the officers' actions on February 14, 2018; even liberally construed, they are not about any County policy.

### III.   CONCLUSION

For the reasons more fully stated above, the Court **DENIES AS MOOT** his Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 1**] and **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 6**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as explained above. However, no process shall issue until the District Judge has ruled upon this Report and

6

Case 3:22-cv-00368-CLC-JEM     Document 8     Filed 04/24/23     Page 6 of 7     PageID #: 38

Recommendation,[3] because the undersigned **RECOMMENDS**[4] that the White Pine Police Department be **DISMISSED** from this case.[5]

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[5] Should the District Judge agree with this recommendation and allow the claims to proceed against the individual Defendants, this "does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." *Bawcom v. Roades*, No. 3:22-CV-00923, 2023 WL 425376, at *4 (M.D. Tenn. Jan. 26, 2023).